NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMY M. LESUEUR,

              Plaintiff-Appellant,

  v.

GLENDALE POLICE DEPARTMENT;
CITY OF GLENDALE; ZANE HINDE,

              Defendants-Appellees.

No. 22-16325

D.C. No. 2:20-cv-01416-SMB-JZB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 29, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff Amy LeSueur filed this action under 42 U.S.C. § 1983, alleging

excessive force in connection with her arrest. In the district court, LeSueur

expressly abandoned all of her claims except for her § 1983 claim against Sergeant

Zane Hinde for excessive force. With respect to that remaining claim, the district

court granted summary judgment to Hinde on the ground that, as a matter of law,

he did not use excessive force. Reviewing the district court's decision de novo,

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), we affirm.

In asserting that there is a triable issue as to her claim of excessive force, LeSueur argues that, after ordering her to remove her hands from her pockets, Hinde did not give her an opportunity to comply before he "forcefully tackled [her] to the ground without warning." As the district court correctly noted, the contention that LeSueur was not given enough time to comply with the command to remove her hands from her pockets "is clearly contradicted by the bodycam footage." That video shows that LeSueur was first told to take her hands out of her pockets at least seven seconds before she was tackled, giving her more than sufficient opportunity to comply with that command. It is well settled that "we do not accept a non-movant's version of events when it is 'clearly contradict[ed]' by a video in the record." *Hernandez v. Town of Gilbert*, 989 F.3d 739, 743 (9th Cir. 2021) (alteration in original) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

We next address whether the particular force used by Hinde in effectuating LeSueur's arrest was excessive. "Whether a particular use of force was 'objectively reasonable' depends on several factors, including [1] the severity of the crime that prompted the use of force, [2] the threat posed by a suspect to the police or to others, and [3] whether the suspect was resisting arrest." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). We determine whether force was

2

objectively reasonable "in light of the facts and circumstances confronting" the officer. *Graham*, 490 U.S. at 397. Considering these factors, we conclude that, based on the undisputed facts, Hinde did not use excessive force.

Immediately before Hinde knocked her to the ground, LeSueur ignored multiple police orders that she take her hands out of her jacket pockets, which raised an objectively reasonable concern that she may have been concealing a weapon. Moreover, Hinde had been informed by police dispatch that LeSueur was "pulling on . . . gas pumps" and "yelling to herself," and this erratic behavior raised an additional concern that LeSueur might behave unpredictably. Indeed, LeSueur herself characterized her behavior that night as erratic. Although LeSueur attacks the credibility of Hinde's further assertion that he had seen her, upon his arrival, "holding a lighter with an open flame to a fuel pump," she conceded in her deposition that she was too intoxicated to remember all of the details about what had happened that night, and she admitted that she had a lighter in her hand when she was near the gas pumps. Based on Hinde's observations, LeSueur was arrested for felony attempted arson. Given LeSueur's refusal to obey multiple orders to remove her hands from her pockets, her erratic behavior, and the considerable dangerousness of the suspected crime for which she was arrested, Hinde's single shove, which knocked LeSueur to the ground, and his subsequent handcuffing of her were reasonable. The district court correctly concluded that, on this record,

3

LeSueur failed to raise a triable issue of excessive force.

In her opening brief, LeSueur also contends that, after she was handcuffed, Hinde "forced [her] arms upwards, injuring both of her shoulders." Although the district court did not specifically address this contention, Hinde correctly noted below that the collective video evidence from the arrest shows, "without a gap," that Hinde never "wrenched [LeSueur's] arms over [her] head," as LeSueur asserted in her deposition. "[V]iew[ing] the facts in the light depicted by the videotape," *Scott*, 550 U.S. at 381, we conclude that there is no triable issue as to this additional excessive force theory.

Finally, LeSueur asserts that, while she was on the ground, Hinde "put his whole weight" on her, "along with other Glendale police officers who also assisted." The contention was not raised below, and it is therefore forfeited. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).

**AFFIRMED.**[1]

---

[1] All pending motions are denied.